**James WHALEN, Appellant,**

v.

**Roberta WHALEN, Appellee.**

**No. 2822.**

Municipal Court of Appeals for the District of Columbia.

Submitted Sept. 18, 1961.

Decided Oct. 20, 1961.

H. Eugene Bryan, Washington, D. C., for appellant.

Stephen Bienieck, Poughkeepsie, N. Y., for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of the Municipal Court for the District of Columbia, sitting by designation.

HOOD, Associate Judge.

Appellant was sued by his wife for maintenance. There was some difficulty in effecting service of process on him, but on July 31, 1960, the marshal reported that service had been made. Appellant filed no answer and on August 26 a default was entered against him. On September 15, after hearing upon default, the trial court found that appellant, though able to do so, had failed and refused to adequately support his wife, and ordered him to pay her the sum of $70 every two weeks.

On October 1 appellant, through counsel, moved to quash the return of service and to vacate the maintenance order, claiming he had never been served with process. Opposition to this motion was filed but before action was had on the motion the trial court on October 17 signed an order entitled, "Final Consent Order for Maintenance." This order, consented to by counsel for both husband and wife, recited that the parties "are now agreeable to the entry of a final order for support," and ordered the husband to pay his wife the sum of $40 every two weeks.

Ten days later appellant, through new counsel, moved to vacate the consent order, alleging that he at no time authorized his previous attorney to consent to the order. After hearing, but without the taking of any testimony, the trial court denied the motion to vacate.

Appellant argues that because there was no affidavit filed or testimony adduced in opposition to his affidavit, the trial court should have accepted the allegations of his affidavit and granted his motion. The fault with this argument is that appellant was entitled to prevail only on the strength of his showing and not on the weakness of the opposition. It can be assumed that appellee and her counsel knew little or nothing of appellant's dealings with his prior counsel. Under the circumstances here disclosed, the trial court was not required to accept at face value appellant's bare assertion that his prior counsel lacked authority to consent to the order.

Affirmed.